# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PATRICIA A. WILSON, ) | |
| ) | |
| Plaintiff, ) | No. 07 C 2505 |
| ) | |
| v. ) | Judge John W. Darrah |
| ) | |
| THOMAS E. VAUGHN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Patricia A. Wilson's ("Appellant") Motion To Appeal.

## BACKGROUND[1]

On or about October 18, 1999, Appellant filed her Voluntary Petition under Chapter 13 ("Petition") and her proposed Chapter 13 Plan ("Plan") with the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division. The Appellant's case was originally assigned to then Bankruptcy Judge Joan H. Lefkow and was subsequently transferred to Judge A. Benjamin Goldgar. In the course of the administration of the Chapter 13 estate, the Appellant was represented by two attorneys, Robert J. Adams, and, later, Larry Saska. The administration of the Chapter 13 estate in the case was assigned to Thomas E. Vaughn ("the Trustee").

Under the Appellant's eventual confirmed plan, the Appellant was to pay the Trustee $945.00 bi-weekly. During the course of the plan, Appellant made only partial payments and/or

---

[1]Thomas E. Vaughn filed a response to Appellant's motion in which Vaughn sets out a statement of the factual history of the case that concludes that Appellant is attempting to appeal an April 24, 2007 order of the bankruptcy court. Appellant filed a reply brief in which she essentially repeats the substance of her initial filing. The merits of the motion will be decided based on the Appellant's original filing.

failed to make any payments. In early 2002, Appellant dismissed it and later sought and obtained an Order reinstating it, resulting in an extension of the term of the plan.

Appellant began to make allegations that her attorney, the Trustee, and Judge Goldgar were conspiring against her. Without objecting to any of the claims of the creditors, Appellant believed that the Trustee was disbursing monies to her mortgage company that were not owed. Judge Goldgar assigned Eugene Crane to look into the matter, examine the Trustee's records and the Appellant's allegations, to see if there was any merit to the Appellant's claims. After reviewing the situation as requested, Crane reported to Judge Goldgar that he did not see any merit to the Appellant's allegations. The Appellant ceased making any further payments to the Trustee.

The Appellant then filed a lawsuit *pro se* in the Circuit Court of Cook County, Illinois (the "state court"), Case No. 04 L 13951, naming the Trustee, Judge Goldgar, Crane, and her attorney, Adams, as defendants. Appellant alleged a conspiracy between the named defendants relative to the administration of her Chapter 13 bankruptcy. The United States Attorney's Office, representing Judge Goldgar, removed the case to federal court and then obtained an order dismissing Judge Goldgar based on judicial immunity. As part of that Order, the case was remanded back to state court.

In state court, the Trustee successfully moved to dismiss three iterations of the complaint. The Second Amended Complaint against the Trustee was dismissed based on the *Barton* doctrine, as Appellant had not obtained leave from the Bankruptcy court to sue the Trustee. The Appellant then attempted to serve yet another iteration of the state-court complaint upon the Trustee, whereupon the Trustee obtained an order from the state court prohibiting the Appellant from filing or serving any pleadings or other documents relative to him unless and until the

2

debtor complied with the *Barton* Doctrine and received leave from the Bankruptcy court to proceed with the state-court litigation against the Trustee.

Some months later, the Appellant filed a motion with the Bankruptcy court, seeking leave to continue to prosecute the state-court litigation. On April 24, 2007, Appellant's motion was denied by Bankruptcy Judge Bruce W. Black.

On May 4, 2007, Appellant filed a Motion to Appeal. The caption of the Notice of Filing identifies Appellant as the Plaintiff and the Trustee as the Defendant. The text of the Notice of Filing states, in pertinent part, that Appellant "filed a motion to the above party based on Judge Blanche M. Manning minute order Case No. 05C36 dated January 10, 2005 remanded lawsuit, to the Circuit Court of Cook County . . . ." The Notice of Motion and the Motion to Appeal identify the Appellant as the Plaintiff and the Trustee and Judge Bruce A. Black as Defendants. None of the filings state with any particularity what ruling Appellant seeks to appeal, and the attachments to the Motion to Appeal include numerous orders from the numerous courts described above. The Trustee presumes that Appellant seeks to appeal the Bankruptcy court's April 24, 2007 order, but that order is not specifically identified in the filings and is not included in the attachments to the Motion to Appeal.

The Trustee filed a response to Appellant's motion, arguing that the Court lacks jurisdiction over the appeal because the Appellant failed to file a Notice of Appeal. Appellant was given the opportunity to file a reply but did not do so.

## ANALYSIS

Pursuant to 28 U.S.C. § 158(a), ". . . the district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees; (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time

periods referred to in section 1121 of such title; and (3) with leave of the court, from other interlocutory orders and decrees."

This procedure is governed by Rule 8001 of the Federal Rules of Bankruptcy Procedure. Rule 8001 states that such an appeal ". . . shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002." Fed. R. Bank. P. 8001(a)(2). If a party seeks to appeal an interlocutory order, the appellant must file a notice of appeal and a motion for leave to appeal. Fed. R. Bank. P. 8001(b). However, if a party is attempting to appeal an interlocutory order and files a notice of appeal and no motion for leave to appeal, the district court may consider the notice of appeal as a motion for leave to appeal. Fed. R. Bank. R. 8003(c).

Any "Notice of Appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bank. P. 8003. The notice of appeal must "conform substantially to the appropriate Official Form, shall contain the names of all parties the judgment, order, or decree appealed from and the names, addresses and telephone numbers of their respective attorneys, and be accompanied by the prescribed fee." Fed. R. Bank. P. 8001(a). Official Bankruptcy Form 17 provides the format for presenting the required information and includes information for the docket number of the case, what chapter of the Bankruptcy Code the case involves, and the date of entry of the order from which is being appealed. The information required in a notice of appeal and in any required bankruptcy forms is critical because a bankruptcy will often spawn multiple proceedings with multiple parties. Many of these parties may be bystanders to a particular proceeding that gives rise to an appeal. Unlike federal civil practice, where forms are generally illustrations, use of the forms is mandatory in bankruptcy court because the "bankruptcy community believes this essential to the mass-production system that is modern bankruptcy adjudication." *Fadayiro v. Ameriquest*

*Mortgage Co.*, 371 F.3d 920, 921-22 (7th Cir. 2004) (*Fadayiro*). While "literal compliance" with the formal requirements is not required, the filings must "conform substantially" with the requirements and must contain all of the information required by rule and forms. *Fadayiro*, 371 F.3d at 923.

In the present case, the Appellant failed to file a Notice of Appeal, instead, filing a Motion to Appeal. A motion to appeal can be construed as a notice of appeal. *See* Fed. R. Bank. P. 8003(c); *Telesphere Liquidating Trust v. Haan*, No. 96 C 5845, 1996 WL 617415 (N.D. Ill. Oct. 24, 1996). However, the motion to appeal (construed as a notice of appeal) must conform with the required rules. The Appellant's motion fails to conform with the applicable rules. The Motion to Appeal does not indicate what order or decree Appellant seeks to appeal. Thus, the Court cannot determine if the Appellant seeks to appeal a final or interlocutory order or if the filing was timely. Furthermore, the Appellant's filings include different and multiple parties, identified as "Defendants," and reference several different cases and orders from multiple courts. Even if Appellant's Motion to Appeal was construed as a notice of appeal, Appellant's filing fails to substantially conform with the required rules. Appellant's reply brief, even if considered a supplement to the motion to appeal, fails to offer any further clarification, essentially repeating the same procedural history and further frustrating the determination of what Appellant is attempting to appeal.

## CONCLUSION

For the foregoing reasons, Appellant's Motion to Appeal is denied.

Date: August 22, 2007

Aug. 22, 2007

JOHN W. DARRAH
United States District Court Judge

5